UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No.13-CR-155

JEFFREY FELDMAN,

    Defendant.

**UNITED STATE'S RESPONSE TO DEFENDANT'S
MOTION FOR DISCOVERY AND MOTION TO DISMISS DEFENDANT'S
DISCOVERY MOTION FOR FAILURE TO COMPLY WITH THE LOCAL RULES**

**I.    BACKGROUND**

The United States of America, by and through its attorneys, James L. Santelle, United States Attorney, and Karine Moreno-Taxman, Assistant United States Attorney, hereby requests that the court summarily deny the defendant's motion to compel discovery for failing to comply with local rules and for being premature.

**II.    DEFENDANT'S MOTION SHOULD BE SUMMARILY DENIED FOR FALURE TO COMPLY WITH THE LOCAL RULE**

Defendant's motion is in the nature of a motion to compel disclosure of items the defendant seeks in discovery. The proper procedure for pursuing a motion of this sort is governed by L.R. 16(b), which provides as follows:

> (b) Motions to Compel Discovery or Inspection. All motions to compel discovery or disclosure must be accompanied by a written statement by the movant that, after the movant has in good faith conferred or attempted to confer with the party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord.
> The statement must recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences.

As detailed below, this is the second time that the defendant has filed such a motion in direct contradiction to the requirements of the local rules.

1. On September 3, 2013 defense counsel filed a motion entitled "MOTION TO DESIGNATE THE CASE AS COMPLEX, MOTION FOR EXTENSION OF TIME TO FILE MOTIONS, AND MOTION FOR PRETRIAL SCHEDULING CONFERENCE." Although not so entitled, the motion was clearly also a discovery motion. The motion was filed by the defense without even attempting to request a discovery conference with the United States. Indeed, the United States first learned of the items the defense was seeking from the motion itself; clearly contrary to the local rules requirements. Upon receipt of the motion, the United States immediately requested that a Rule 16 conference be held prior to the date the court had set to hear the defendant's September 3, 2013 motion. In anticipation of meeting with defense counsel, the United States asked that the defense provide any requests they had, not embodied in the court filings, prior to the meeting so as to expedite discovery. No additional requests were made by defense counsel.

2. On September 10, 2013 a Rule 16 Discovery Conference was held to discuss the discovery requests embodied in the defendant's discovery motion. This was the first time the Defendant conferred or attempted to confer with the government in an effort to obtain the information sought without court action. The meeting spanned over an hour and many items were discussed. At the meeting the United States invited the defense (including any defense experts) to review at a government facility the substantial volume of material contained on the electronic storage equipment seized from defendant's residence. The defense has yet to review any of this evidence. 18 U.S.C. § 3509(m) prohibits the government from producing these materials in discovery because they include contraband child pornography images. The vast majority of the evidence material to this prosecution is contained on the materials seized from defendant's

residence. Many of the speculative theories, and the accompanying discovery requests, advanced by defendant in his two discovery pleadings may well be mooted after the defense accepts the invitation to review the vast volume of inculpatory information contained on the seized materials. These materials, for example, include tens of thousands of carefully organized child pornography images, including, for example, videos depicting toddlers being sexually abused while in visible distress, and pre-pubescent children engaged in sexual conduct with adult males and animals. These child pornography files were placed into hundreds of different electronic folders, which in turn were created and named by the computer user. Intermingled in those folders are other folders containing defendant's personal documents, including his tax returns and photographs of his vacations. The seized materials contain an avalanche of other evidence probative of defendant's knowledge and intent, such as search terms indicative of an interest in obtaining child pornography, including incriminating searches conducted on defendant's mobile device. Until the defense reviews these materials, it will be unable to fairly assess the likelihood of success of any of the theories it has advanced. Should some of those theories (for example, a claim that a virus was somehow responsible for defendant's child pornography collection) ultimately prove to be untenable following review of the government's evidence, it may, in turn, lead to some of defendant's discovery requests being modified or withdrawn. At the Rule 16 Conference the defense stated that they did not wish to review the evidence in that manner and requested it be provided in a specific format.[1] The United States stated to the defense that it would explore the feasibility of such a request. In addition, both parties agreed that an

---

[1] Such a request is contrary to Principle 5 of the federal protocol entitled "Introduction to Recommendations for ESI Discovery in Federal Criminal Cases." ( Principle 5states: "When producing ESI discovery, a party should not be required to take on substantial additional processing or format conversion costs and burdens beyond what the party has already done or would do for its own case preparation or discovery production."

3

additional meeting would be needed.  At the conclusion of the conference, defense counsel stated that she needed additional time to determine how to articulate her discovery requests and that she would provide the United States with those requests in writing.  Again, no additional request for discovery was made by defense counsel.

3. On September 12, 2013 the court held a hearing and was told by the parties that they were working on discovery issues.  At the hearing, the court directed the parties to review a federal protocol entitled "Introduction to Recommendations for ESI Discovery in Federal Criminal Cases" and the court set a hearing for October 2, 2013 for the parties to update the court on the status of discovery and any other issues of import.  At the conclusion of the hearing the United States again spoke with defense counsel and requested that any discovery requests be made known to the United States as soon as possible.  Defense counsel stated that she needed a few days to put her requests together.  Again, no additional request for discovery was made by defense counsel.

4. On September 20, 2013 defense counsel once again filed a long discovery motion with the court without even attempting to meet with the United States or notifying the United State that such a motion was being filed.  Filing this premature motion is not only contrary to the local rues but also is inapposite to the principles identified in the "Introduction to Recommendations for ESI Discovery in Federal Criminal Cases."

    Indeed principle 3 states:

    > Principle 3: At the outset of a case, the parties should meet and confer about the nature, volume, and mechanics of producing ESI discovery. Where the ESI discovery is particularly complex or produced on a rolling basis, an on-going dialogue may be helpful.

5. The defendant has failed to comply with the local rules and defense counsel's insistence of filing such motions results in an unnecessary waste of time and undermines the very much desired on-going and collegial process.  Therefore, the United States requests that

4

the court find that the Defendant has failed to make good faith efforts to confer with the government, and that his motion to compel disclosure is premature and should be denied. In addition, the Defendant should be directed not to file any such motions in the future without first conferring with the United States; and that any such motion is to be accompanied with an affidavit detailing attempts to confer with the United States and any unresolved issues as is required by the local rules.

### III. CONCLUSION

For the aforementioned reasons, the United States respectfully requests that the defendant's motions be denied.

Dated at Milwaukee, Wisconsin, this 23rd day of September, 2013.

Respectfully submitted,

JAMES L. SANTELLE

By:

s/ KARINE MORENO-TAXMAN
Assistant United States Attorney
Karine Moreno-Taxman Bar Number: 1006835
Attorney for Plaintiff
Office of the United States Attorney
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 530
Milwaukee, WI 53202
Telephone: (414) 297-1700
Fax: (414) 297-1738
E-Mail: karine.moreno-taxman@usdoj.gov

JEFFREY ZEEMAN
Department of Justice Trial Attorney

5