

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT OF
FILED

2014 MAY -8 P 1: 50

JON W. SANFILIP
CLERK

UNITED STATES OF AMERICA,

        Plaintiff,

v.                            Case No. 2013-CR-155

JEFFREY FELDMAN,

        Defendant.

## PLEA AGREEMENT

1.    The United States of America, by its attorneys, James L. Santelle, United States Attorney for the Eastern District of Wisconsin, Karine Moreno-Taxman, Assistant United States Attorney, Jeffrey Zeeman, Trial Attorney, United States Department of Justice Child Exploitation and Obscenity Section, and the defendant, Jeffrey Feldman, individually and by attorneys Robin Shellow and Christopher Donovan, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### <u>CHARGES</u>

2.    The defendant has been charged in a six-count indictment, which alleges violations of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(a)(5)(B).

3.    The defendant has read and fully understands the charges contained in the indictment. He fully understands the nature and elements of the crimes with which he has been charged, and the charge and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4.     The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

COUNT TWO

*THE GRAND JURY FURTHER CHARGES:*

1.     *Between on or about June 21 and on or about June 23, 2012, in the State and Eastern District of Wisconsin,*

JEFFREY W. FELDMAN

*knowingly received child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer.*

2.     *The child pornography received by the defendant included a video identified as follows:*

| Date Received | Title | Description |
|---|---|---|
| Between June 21 and June 23, 2012 | Hmm Gracel Series (Cambodia) - Rona 8Y Bondage Vid 2.mpg | This 6 minute and 46 second video depicts a child; she appears to be under 9 years old. The child's arms and legs are bound together throughout the video with a yellow rope and she is naked except for wearing a pair of pink stockings. The child is being made to perform oral sex on an adult male during the entire video. The adult male is naked from at least the waist down. At different times during the video the adult male digitally manipulates the child's vagina. |

*All in violation of Title 18, United States Code, Section 2252A(a)(2).*

5.     The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the facts in Attachment A beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt. This information is provided for the purpose of

2

setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in this offense.

## PENALTIES

6.      The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: 20 years and $250,000. The count also carries a mandatory minimum of 5 years of imprisonment. This count also carries a mandatory special assessment of $100, and a mandatory minimum of 5 years, up to a maximum of lifetime, supervised release. The parties further recognize that, pursuant to 18 U.S.C. § 2259, the court shall order restitution for losses suffered by any victims as a result of this offense. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## DISMISSAL OF REMAINING COUNTS

7.      The government agrees to move to dismiss the remaining counts of the indictment at the time of sentencing.

## ELEMENTS

8.      The parties understand and agree that in order to sustain the charge of Receipt of Child Pornography as set forth in Count Two, the government must prove each of the following propositions beyond a reasonable doubt:

First, that the defendant knowingly received the material in the indictment; and

Second, the material identified in the indictment is child pornography;

Third, the defendant knew that one or more persons depicted in the material identified in the indictment was under the age of eighteen years; and

Fourth, the material identified in the indictment was transported in interstate or foreign commerce.

3

## SENTENCING PROVISIONS

9.     The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

10.     The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

11.     The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 4. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

12.     The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

### Sentencing Guidelines Calculations

13.     The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any

4

right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

14.     The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.  The defendant agrees that the court consider all the charges in the indictment as relevant conduct.

## Base Offense Level

15.     The parties agree to recommend  to the sentencing court that the applicable base offense level for the offense charged in Count Two is 22 under Sentencing Guidelines Manual § 2G2.2.

## Specific Offense Characteristics

16.     The parties acknowledge and understand that the government will recommend to the sentencing court only the following specific offense characteristics:

    a.  a two-level increase under Sentencing Guidelines Manual § 2G2.2(b)(2) is
        applicable as the  material recovered involved prepubescent minors;

    b.  a four-level increase under Sentencing Guidelines Manual §2G2.2(b)(4) as the
        materials portrayed sadistic and masochistic conduct, as well as other depictions
        of violence;

5

c. a two-level increase under Sentencing Guidelines Manual § 2G2.2(b)(6) as a computer was used;

d. a five-level increase under Sentencing Guidelines Manual §2G2.2(b)(7) as more than 600 images were recovered.

e. Pursuant to Sentencing Guidelines Manual § 3C1.1, the parties acknowledge and understand that the government will recommend to the sentencing court that a two-level increase be given for obstruction of justice.

## Acceptance of Responsibility

17.     The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

## Sentencing Recommendations

18.     Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

19.     Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed; the amount of restitution and the terms and condition of its payment; the length of supervised

6

release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

20. The parties agree to jointly recommend a sentence of 10 years' imprisonment to the sentencing court.

## Court's Determinations at Sentencing

21. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

22. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

23. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

24. The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, upon request of the FLU during any period of probation or

7

supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLU and any documentation required by the form. The defendant further agrees, upon request of FLU whether made before or after sentencing, to promptly: cooperate in the identification of assets in which the defendant has an interest, cooperate in the liquidation of any such assets, and participate in an asset deposition.

## Special Assessment

25.     The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

## Restitution

26.     The defendant agrees to pay restitution as ordered by the court. The defendant understands that because restitution for the offense is mandatory, the amount of restitution shall be imposed by the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

## Forfeiture

27.     The defendant agrees that all the computer and electronic property items listed in the indictment in section c. i-xvii ("Computer and Electronic Property Items") were used to facilitate his criminal conduct and commission of the offense charged in Count 2. The defendant also agrees that Computer and Electronic Property Items belong to him and him alone. The defendant agrees to the forfeiture of all the Computer and Electronic Property Items and to the immediate entry of a preliminary order of forfeiture as to each of those items. The parties agree that the forfeiture of the Computer and Electronic Property Items [as

8

described in the indictment] will be determined by the court prior to or at the time of sentencing.    In addition the defendant agrees that the FBI can dispose of the Computer and Electronic Property Items  according to law.

28.      The defendant agrees to be remanded into custody on the date he enters his guilty plea.

29.      This plea encompasses the defendant's criminal liability in the Eastern District of Wisconsin for the distribution, receipt and possession of the images recovered from his residence on January 24, 2013.

## DEFENDANT'S WAIVER OF RIGHTS

30.     In entering this agreement, the defendant acknowledges and understands that in so doing he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

     a.     If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

     b.     If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

     c.     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

     d.     At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

     e.     At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

31.     The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights.

The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

32.     The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

33.     The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

34.     Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, (3) ineffective assistance of counsel and (4) any restitution issues.

### Further Civil or Administrative Action

35.     The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including

11

any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

## MISCELLANEOUS MATTERS

36.     Pursuant to 18 U.S.C. § 3583(d), the defendant has been advised and understands the court shall order as a mandatory condition of supervised release, that the defendant comply with state sex offender registration requirements. The defendant also has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: the location of his residence; the location of his employment; and, if he is a student, the location of his school. Registration will require that the defendant provide information that includes, name, residence address, and the names and addresses of any places at which he will be an employee or a student. The defendant understands that he must update his registration not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations may subject him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine and/or imprisonment.

## GENERAL MATTERS

37.     The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

12

38.     The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

39.     The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

40.     The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

41.     The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the

13

defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## <u>VOLUNTARINESS OF DEFENDANT'S PLEA</u>

42. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

14

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 5/8/2014

JEFFREY FELDMAN
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 5-8-14

ROBIN SHELLOW            CHRIS DONOVAN
Attorney for Defendant

For the United States of America:

Date: 5/8/14

JAMES L. SANTELLE
United States Attorney

Date: 5-8-19

KARINE MORENO-TAXMAN
Assistant United States Attorney

JEFFREY ZEEMAN
Trial Attorney

15

On January 22, 2013, a federal search warrant was issued for defendant Jeffrey Feldman's residence, located at 2051 South 102nd Street, Apartment E, West Allis, Wisconsin, for evidence of violations of Title 18, United States Code (USC) § 2252A, entitled "Certain activities relating to material constituting or containing child pornography." The search warrant was based, in part, on the Federal Bureau of Investigation's (hereinafter FBI) investigation of Feldman using Peer-to-Peer ("P2P") networks to share and receive child pornography. A P2P network allows users with specialized P2P software to trade digital files with other Internet-connected computers on which P2P software is installed. Typically, P2P users perform a keyword search to locate desired files, and then download the files from other P2P users in possession of those files. In accordance with the above described warrant, law enforcement entered Feldman's residence on January 24, 2013 and began a search for, *inter alia,* records, computers and electronic storage devices containing child pornography.

As part of the search, law enforcement seized a number of electronic devices including the following:

    a. A Dell Inspiron 530 personal desktop computer, serial number HYX4VF1, located in Feldman's living room ("the Desktop Computer" herein).

    b. A Western Digital My Book Essential external hard drive, serial number, connected to the Desktop Computer located in Feldman's living room ("Encrypted Drive 1" herein).

    c. A Western Digital My Book Essential external hard drive, serial number, located in Feldman's living room ("Encrypted Drive 2" herein).

    d. Additional hard drives, seven of which were encrypted (and which are listed in the forfeiture provision of the Indictment), as well as other evidence.

A forensic examination of the Desktop Computer revealed that it contained the Microsoft Windows 7 Ultimate operating system and only one user profile, for "Jeff." Forensic examination further revealed that the P2P file-sharing program eMule had been downloaded, installed, and used on the Desktop Computer. Specifically, Feldman used eMule to connect to P2P networks in order to share and receive images depicting minors engaged in sexually explicit conduct. EMule is a P2P program that is available for Internet download, and can be used to share and receive files over P2P networks. EMule is not typically pre-installed on new computers, and must be downloaded. Feldman had entered search terms into eMule, many of which are used to seek out and obtain child pornography images. These terms included, among others, "pedo," "pthc," "9yo," and "8yo brunette little."

Further examination of eMule files on the Desktop Computer showed that its standard settings had been altered in order to send files received via eMule to the desktop computer's "F" drive. The "F" drive did not correspond to a portion of the desktop computer itself. Instead, the "F" drive corresponded to a storage device that had been connected to the Desktop Computer.

1

At the time of the execution of the search warrant, a hard drive, later determined to be encrypted, (Encrypted Drive 1 herein) was physically connected to the Desktop Computer. Further examination of eMule files on the Desktop Computer showed that it had been used by Feldman to download specific files with names indicative of child pornography, including, among others, "(Pthc) 7 Yo Little Linda Trying Anal.mpg."

Examination of Encrypted Drive 1 revealed that it was protected with encryption, which is the process by which data is encrypted, and thus hidden or obscured from view by those not privy to the encryption key. Agents decrypted the contents of Encrypted Drive 1 and discovered that it contained thousands of files, of which a large number constitute either child pornography or child erotica. Agents have confirmed that thousands of these files depict minors engaged in sexually explicit conduct, including images of children under the age of 12 years and/or sadistic masochistic conduct. These files include, for example, videos depicting bondage and the sexual assault of infants, along with bestiality involving children. These videos/images included the images charged in counts one and two of the indictment:

| Count | Date Received | Title | Description |
|-------|---------------|-------|-------------|
|       |               |       |             |
| Two | Between June 21 and June 23, 2012 | Hmm Gracel Series (Cambodia) - Rona 8Y Bondage Vid 2.mpg | This 6 minute and 46 second video depicts a child; she appears to be under 9 years old. The child's arms and legs are bound together throughout the video with a yellow rope and she is naked except for wearing a pair of pink stockings. The child is being made to perform oral sex on an adult male during the entire video. The adult male is naked from at least the waist down. At different times during the video the adult male digitally manipulates the child's vagina. |

Based on the forensic examination of the computers, law enforcement was able to determine that on or about June 21, 2012 to June 23, 2012, Feldman received the images described in Count Two. These images had been transported in interstate commerce by means of the internet. Feldman now admits receiving these images on or about June 21, 2012 to June 23, 2012.

Examination of Encrypted Drive 2 revealed that it was also protected with encryption. Upon decrypting Encrypted Drive 2, agents discovered that it contained approximately 600 video files depicting minors engaged in sexually explicit conduct, including videos depicting bondage and the sexual assault of infants, along with bestiality involving children.

In addition, when the search warrant was executed numerous files were identified Agents also discovered on Encrypted Drives 1 and 2 five known child pornography images/videos

2

downloaded by Feldman, and which generated identical hash values to those originally listed in the search warrant affidavit as files associated with Feldman's IP address. Forensic investigation of the encrypted drives revealed an unusually detailed file structure that does not come pre-installed with Windows. The file structure included over 15,000 folders, created and named by Feldman, in Encrypted Drives 1 and 2.

Subsequently, the FBI was able to decrypt the additional seven encrypted drives, which contain, approximately, an additional 8.64 terabytes of data. A terabyte is approximately one trillion bytes, or sufficient storage capacity for approximately 300 hours of video. Each of these seven additional drives contains numerous image and/or video files downloaded from the internet by Feldman and which depict children engaged in sexually explicit conduct. The below listed files were determined to have been possessed by the defendant after they were decrypted.

3

**The below facts are included as relevant conduct to be considered by the court:**

The image described in Count One below was recovered from Encrypted Drive 1:

| Count | Date Received | Title | Description |
|---|---|---|---|
| One | Between June 18 and June 20, 2012 | 2010 Kait 5Yo - First Taste Of Dad Cum.mpg | This 39 second video depicts a naked prepubescent child; she appears to be under 6 years old. The child is being made to perform oral sex on an adult male who is naked from at least the waist down.  The adult male ejaculates in her mouth and the child appears disgusted as she spits out the ejaculate. |

The image described in Count Three- Five were recovered from Encrypted Drive 2.These videos/images included the following:

| Count | Date Received | Title | Description |
|---|---|---|---|
| Three | Between December 26 and December 28, 2012 | Pedo Ptsc 9Yo Jenny Sucking Daddys Dog, Naked Look At Her Lil Pussy.jpg | This image depicts a child; she appears to be under 10 years old. The child is completely naked and her vagina is exposed.  The child is performing oral sex on a large breed male dog which has an erect penis.  The child is underneath the dog which is standing on all 4 legs. |
| Four | Between January 11 and January 13, 2013 | Tara 7Yo Girl-Eat Cum-Pthc.avi | This 1 minute and 8 second video begins with the following phrase, "Tara 8 years old 'Ass to Mouth'…her daddy really treats her like a total fucking whore!" The video depicts a child; she appears to be under 8 years old.  The child is fully naked and only wearing a multi-colored, Mardi Gras type mask.  The child is being forced to perform oral sex on an overweight adult male who appears entirely naked.  The male directs the child how to act and calls her a "slut."  He holds her head and tells her that she is "good."  The child chokes and he tells her to "choke on it."  He tells her "all the way down" and then directs her to go onto a bed where she lies on her |

4

| Count | Date Received | Title | Description |
|---|---|---|---|
| | | | back with her vagina exposed. The child is making choking sounds. |
| Five | Between January 11 and January 13, 2013 | Toddler Girl 3Yo Sucking Pacifier Shows Pussy And Gets Cock Tip In Kleuterkutje.mpg | This 3 minute and 18 second video depicts a child; she appears to be under 2 years of age. The child is wearing a blue dress but naked from the waist down and lying on a bed. An adult pulls the child's dress up, exposing her bare vagina. The adult then spreads the child's legs and vagina apart and begins to stroke the child's vagina. The camera pans back from the child showing her face and holding a stuffed animal. The adult spreads the child's vagina apart and then performs oral sex on the child. The camera pans back again to show that the child is sucking on a pacifier. The child then spreads her legs apart and touches her vagina. The camera closes in on the child's vagina and the adult assists the child in rubbing her vagina. The camera pans over the child and then reveals an erect penis touching the child's vagina. The male rubs his penis several times against the child's vagina. The male then masturbates and tries to insert his penis into the child's vagina but finally pulls away as the movie ends. |

| Count | Title | Description |
|---|---|---|
| Six | (Pthc) 6Yo Babyj - Bondage And True Deep Anal Penetration.mpg | This one minute and twenty-nine second video depicts a child; she appears to be under 10 years of age. The child is naked from the waist down. The child's feet are bound with white ligatures in a way that spreads the child's legs apart. The child's upper body and face are covered with a dark blue blanket. An adult male is shown having penis to vagina sexual intercourse with the child. The adult male then penetrates the child's anus with his erect penis and continues to have penis to anus sexual intercourse with the child. The video eventually goes black for the last 11 seconds. |
| | 3yo Cumshot Ptsc Pedo Kleuterkutje.mpg | This 6 minute and 37 second video depicts a child: she appears to be under two years of age. The child is lying on a bed and next to her is a used disposable diaper. The child is completely naked. The child has her legs |

| Count | Title | Description |
|---|---|---|
| | | spread apart an adult male places his erect penis on the child's vagina and she reaches down with her hand and touches the man's penis. The adult male then pulls her into a sitting position so that he can make her perform oral sex. The child touches the adult's penis with her mouth and smiles and says, "Hi" to the adult. The adult pushes the child's head back down to his penis and while she is made to perform oral sex upon him. The adult flips the child over to her stomach and he rubs his erect penis on the child's buttocks. The adult bends down and begins performing oral sex upon the child. The adult stands up and masturbates while touching the child's buttocks. The adult flips the child back onto her back and continues to masturbate while rubbing the child's vagina. The adult next puts his penis next to her mouth as he masturbates until he ejaculates on the child's stomach. The child begins to cry and attempts to wipe off the ejaculate with her hands. |
| | 0-KIDDY-PTHC bw 024a-Dog Fucks 5yo Girl(1).jpg | This image depicts a child: she appears under 11 years of age and is clearly pre-pubescent. She has a gag around her mouth and her legs and arms are bound with black ligatures. She is naked except for white knee high socks and is on her back with her legs spread open and her genitalia exposed. A large black dog with an erect penis is attempting to have penis to vagina intercourse with her. |

6