

U.S. Department of Justice

*United States Attorney*
*Eastern District of Wisconsin*

*Federal Courthouse*                    *(414)297-1700*
*517 E. Wisconsin Ave, Rm 530*      *Fax (414) 297-1738*
*Milwaukee WI 53202*            *www.justice.gov/usao/wie*

June 16, 2014

The Honorable Aaron E. Goodstein
United States Magistrate Judge
517 East Wisconsin Avenue, Room 258
Milwaukee, WI 53202

      RE:    *United States v. Feldman*
                 Case No. 13-CR-155

Dear Judge Goodstein,

      On June 2, 2014, District Judge Lynn Adelman issued an order which canceled the plea hearing scheduled on June 13, 2014, and this matter was referred to you "for further action on the pending motions." It is the United States' position that this court should find that the defendant has waived his right to bring pretrial motions and that no pretrial motions remain for the court to address.

      As this court is aware, on May 8, 2014, the parties appeared before the court[1] and confirmed on the record "…. that further work on the motions would not be necessary."[2] Attorney Shellow advised the court that she had discussed with the defendant his options and that he understood the "pros and cons" of proceeding with the pending motions and that he had decided to not pursue them anymore, but rather to enter into a plea agreement. Attorney Shellow stated "we are not requesting any action on the motions …" and that the motions were to be withdrawn once the plea agreement was filed.

      In addition, during the May 8, 2014 status conference, the court asked the defendant directly if he (the defendant) did not wish to take any further action on the motions and did not want the "court to hear any oral argument or to do any work on the motions". The defendant affirmatively stated his decision to withdraw the motions. These statements were clearly understood by all involved as a request by the defense for leave to withdraw the filed pretrial motions. Indeed, no oral argument was heard and the court indicated that it would no longer be considering the pretrial motions.

---

[1] The proceedings were taped and the tape is available for review, however no transcript of the tape exists.
[2] The date had originally been scheduled for oral arguments on the defendant's motions but was converted to a status conference as the parties notified the court that the pretrial motions were not going to be litigated.

1

Consistent with the representations made in court, once the plea was signed and filed on May 8, 2014, this court immediately referred the matter to the trial court as there were no longer any pending pretrial motions.

It is the United States' position that, although a person may withdraw their plea of guilty, such withdrawal does not obviate the waiver of pretrial motions pursuant to Federal Rules of Criminal Procedure 12(e). In the instant case, the defendant had ample opportunity to consider pursuing pretrial motions and made the very deliberate and reasoned decision to not do so. Therefore, the United States respectfully requests that the court find that the defendant has waived the further consideration of his pretrial motions.

In addition to the in-court representations made by the defendant, the procedural history of this case confirms that the defendant fully intended and did withdraw his pretrial motions.

Procedural History

On April 24, 2014, the United States wrote to defense counsel in order to attempt to resolve the discovery issues without needing judicial intervention (Exhibit A). The genesis of the letter was the fact that the defendant had, in his April 21, 2014 filing, made novel discovery requests and appeared to have changed his position as to the items he sought to obtain in discovery. That same day, AUSA Moreno-Taxman spoke by telephone with attorney Donovan and explained that the United States was attempting to provide the defense with a demonstration of Roundup EMule by the FBI in a manner that would assist the defense in understanding the technology at issue, while still preserving the law enforcement privilege. In order to do this, the discussion of a non-disclosure agreement was broached. The United States proposed that the parties meet again prior to May 8, 2014 to discuss discovery issues.[3]

On April 28, 2014 the defense, by letter, identified 7 categories of items it sought from the United States (Exhibit C).

The United States, on May 2, 2014 advised defense counsel that, as a result of its consultation with the FBI, the FBI was willing to offer an actual demonstration to the defense and the defense expert of the Roundup eMule tool on May 7, 2014, provided a non-disclosure agreement was signed.[4]

Defense Attorney, by email dated May 2, 2014, raised several concerns regarding the demonstration, none of which pertained to the instant case, but rather focused on her belief that a non-disclosure stipulation would affect her in other cases. (The text of that email is found as part of the letter identified as Exhibit D).

On May 6, 2014, in hopes of still providing the defendant with the demonstration, the United States sent a proposed non-disclosure agreement (Exhibit E). In addition, the United

---

[3] Ms. Shellow responded to the telephonic communication by email dated April 24, 2014. A redacted version of that email is attached as Exhibit B.
[4] Non-disclosure stipulations and protective orders are often used regarding discovery in this District in order to provide discovery to those litigating matters without allowing others to have access to the materials.

2

Case 2:13-cr-00155-LA-AEG   Filed 06/16/14   Page 2 of 4   Document 44

States made arrangements to secure the presence of a representative of the FBI who had to travel from out of state to conduct the demonstration.

On May 6, 2014, the defense raised by letter several additional concerns related to the demonstration (Exhibit D).

The United States consulted again with an FBI representative who had flown to Wisconsin for the purposes of this case, and working in conjunction with others at the FBI, the demonstration was reconfigured so as to not require a non-disclosure agreement. By letter dated May 7, 2014, the United States addressed point-by-point all the items identified by the defense in their April 28, 2014 letter, and informed the defense that the re-configured demonstration would be held at 4:30 p.m.- a time the defense had previously confirmed was acceptable to them if they decided to see the demonstration (Exhibit F).

Instead, midmorning May 7, 2014, defense counsel Shellow and Donovan came to the United States Attorney's Office and indicated that they wanted to discuss resolution of the case. Throughout that day, plea negotiations took place. It was not until the parties had reached an agreement and notified the court by email that the case had been resolved that the demonstration at the FBI was cancelled. This cancelation was made with the full knowledge and agreement of the defense. Only after the court hearing during which the defendant indicated on the record that he was withdrawing his pretrial motions did the FBI representative leave Wisconsin.

In the instant case, the United States made repeated and substantial efforts to resolve the discovery issues in this case with the defense prior to the May 7, 2014 court date. The only reason those discussions stopped was because the defendant made clear his desire to waive the pre-trial motions. The defendant's waiver is further evinced by the decision to not avail himself of a demonstration prior to the May 7 hearing and to not respond to the May 7, 2014 letter sent by the United States.

"The Supreme Court has distinguished forfeiture as 'the failure to make the timely assertion of a right' and waiver as 'the intentional relinquishment or abandonment of a known right.'" *United States v. Olano*, 507 U.S. 725 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458 at 464 (1938)). In *United States v. Knox*, the Seventh Circuit reasoned that clear statements from defense counsel and the district court indicated that the withdrawal was a "knowing waiver" 624 F.3d 865, 875 (7th Cir.2010). *See also United States v. Tichenor,* 683 F.3d 358 (7th Cir. 2012).

Therefore, the United States respectfully requests that the court find that the defendant has waived his pre-trial motions and that the matter be referred to the District Court.

Respectfully submitted,

JAMES L. SANTELLE
United States Attorney

By:

s/ KARINE MORENO-TAXMAN

3

Assistant United States Attorney
Karine Moreno-Taxman Bar Number: 1006835
Attorney for Plaintiff
Office of the United States Attorney
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 530
Milwaukee, WI 53202
Telephone: (414) 297-1700
Fax: (414) 297-1738
E-Mail: karine.moreno-taxman@usdoj.gov

JEFFREY ZEEMAN
Department of Justice Trial Attorney