# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>V.<br>**JEFFREY FELDMAN** | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 13-CR-155<br><br>USM Number: 12551-089<br><br>Robin Shellow, Christopher Donovan<br>Defendant's Attorney<br><br>Jeffrey Zeeman<br>Assistant United States Attorney |

THE DEFENDANT:

☒ pleaded guilty to count two of the indictment.

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2252A(a)(2) | receipt of child pornography | 6/23/12 | 2 |

The defendant is sentenced as provided in Pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Counts 1 and 3-6 are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States attorney of material changes in economic circumstances.

August 14, 2015
Date of Imposition of Judgment

/s Lynn Adelman
Signature of Judicial Officer

Lynn Adelman, District Judge
Name & Title of Judicial Officer

August 17, 2015
Date

AO 245B (Rev. 06/05) Judgment in a Criminal Case:
    Sheet 2 - Imprisonment

Defendant: **JEFFREY FELDMAN**
Case Number: 13-CR-155

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of : **120 months.**

☒ The court makes the following recommendations to the Bureau of Prisons: the RDAP program.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

    ☐ at _____ ☐ a.m. ☐ p.m. on _____

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____

DEPUTY UNITED STATES MARSHAL

Defendant: **JEFFREY FELDMAN**
Case Number: 13-CR-155

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **eight years.**

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☒ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm. (Check, if applicable.)
- ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☒ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

## CONDITIONS OF SUPERVISION

1) the defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons and shall report to the probation officer in a manner and frequency as directed by the court or probation officer;
2) the defendant shall not leave the judicial district without permission of the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer subject to his Fifth Amendment right against self-incrimination and follow the instructions of the probation officer;
4) the defendant shall use his best efforts to find and hold lawful employment, unless excused by the probation officer for schooling, training, or other acceptable reasons;
5) the defendant shall notify the probation officer at least ten days prior to any change in his place of residence or employment; when such notification is not possible, the defendant shall notify the probation officer within 72 hours of the change;
6) the defendant shall not associate with any persons known by him to be engaged, or planning to be engaged, in criminal activity, and shall not associate with any person known by him to be a felon, absent permission to do so by the probation officer;
7) the defendant shall permit a probation officer to visit him at reasonable times at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
8) the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

Defendant: **JEFFREY FELDMAN**
Case Number: 13-CR-155

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall participate in a program of sex offender mental health assessment and treatment, as approved by his supervising probation officer, until such time as he is released from the program by his supervising probation officer. This assessment and treatment may include the polygraph to assist in planning and case monitoring. Any refusal to submit to such assessment or test as scheduled is a violation of the conditions of supervision. The defendant shall waive all rights to confidentiality regarding sex offender mental health treatment.

The defendant shall not possess or use any Internet enabled device at any location (including employment) or possess any removable storage/media devices without prior notice to his supervising probation officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network.

The defendant shall not possess or use any data encryption or data erasure technique or program.

The defendant shall provide his supervising probation officer with all of his computer pseudonyms, passwords, and logons.

The defendant shall provide his supervising probation officer with copies of his telephone bills, all credit card statements/receipts, and any other financial information requested.

The defendant shall consent to his supervising probation officer conducting periodic unannounced examinations of his Internet enabled devices, which may include hardware, removable storage/media devices, and copying of all data from the computer(s). This also includes removal of such equipment by his supervising probation officer, when necessary, for the purpose of conducting a more thorough examination.

Defendant: **JEFFREY FELDMAN**
Case Number: 13-CR-155

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $100.00 | $ | $ |

☐ The determination of restitution is deferred until _____ An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
| **Totals:** | $ _____ | $ _____ |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for the     ☐ fine     ☐ restitution.

    ☐ the interest requirement for the     ☐ fine     ☐ restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Defendant:     **JEFFREY FELDMAN**
Case Number:     13-CR-155

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**    ☒    Lump sum payment of $100.00 due immediately, balance due

      ☐ not later than _____, or

      ☐ in accordance ☐ C, ☐ D, ☐ E or ☐ F below; or

**B**    ☐    Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**    ☐    Special instructions regarding the payment of criminal monetary penalties:

    Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several
    Defendant and Co-Defendant Names, Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☒    The defendant shall forfeit the defendant's interest in the following property to the United States: as indicated in the court's 6/3/15 preliminary order of forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.